UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA LIPSCOMB,

Plaintiff,

v.

AMAZON FULLFILLMENT
CENTER,

Defendant.

Case No. 25-10588
Honorable Susan K. DeClercq
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO SERVE PROCESS**

---

Pro se Plaintiff Felicia Lipscomb sues Defendant "Amazon Fullfillment Center," asserting employment discrimination claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.  ECF No. 1, PageID.2, 4.  The Honorable Susan K. DeClercq referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 8.  The Court recommends that Lipscomb's complaint be dismissed for failure to serve process.

"If a defendant is not served within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that

1

defendant." Fed. R. Civ. P. 4(m). But a court must "extend the time for service for an appropriate period" if the plaintiff shows "good cause for the failure." *Id*.

In April 2025, Judge DeClercq ordered Lipscomb to provide service documents to the court for service of process by the U.S. Marshal Service and to file proof of service once service was completed. ECF No. 7. The U.S. Marshal Service acknowledged receipt of the service documents in May 2025, but Lipscomb filed no certified mail receipt of service. *Id*. The Marshal Service's failure to effect service on behalf of a pro se plaintiff may sometimes be good cause for the failure to serve, but only when the plaintiff has taken "reasonable, conscientious steps to ensure, as best [she] could, that the defendant[ ] would be served." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 941 (E.D. Mich. 2004).

Thus, this Court allowed Lipscomb to show cause in writing by October 21, 2025 why this case should not be dismissed and warned her that "[f]ailure to timely respond may result in a recommendation to dismiss the case." ECF No. 11. Lipscomb failed to respond to the Court's show cause order and has thus not shown that she took reasonable steps to ensure that Amazon was served.

The Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 4(m).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: November 4, 2025                     United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

3

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager

4